**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| SEYED AKHAVI,<br><br>               Plaintiff,<br><br>v.<br><br>VIRGINIA COMMUNITY COLLEGE SYSTEM,<br>THOMAS NELSON COMMUNITY COLLEGE,<br><br>               Defendants. | Civil Action No. 4:21-cv-17-RBS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Thomas Nelson Community College ("TNCC"), with input from Virginia Community College System ("VCCS," collectively "Defendants"), fired Plaintiff Dr. Seyed Akhavi after he failed to meet specific objectives in a performance improvement plan that was put in place after TNCC substantiated complaints of harassment made by female colleagues against Akhavi. Akhavi contends that these actions were part of a vast conspiracy to discriminate against him based on his gender, race, and engagement in protected activity. But the procedural and substantive deficiencies in Akhavi's allegations negate any plausible inference that he was treated differently than his Caucasian or female employees. Thus, this Court should grant Defendants' Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.

**STATEMENT OF ALLEGATIONS**

On July 18, 2016, TNCC hired Akhavi as Dean of Science, Engineering, and Technology. (Am. Compl. at ¶¶ 2, 21, Dkt. No. 2.) Akhavi alleges that he had accomplished tenure at TNCC and received praise from his immediate supervisor, Dr. Susan English, who served as the Vice President of Academics and Workforce. (*Id.* at ¶¶ 4, 21.)

1

On October 19, 2018, Dr. Elena Kuchina accused Akhavi of retaliation, gender discrimination, and creating a hostile work environment. (Am. Compl. at ¶ 26.) Kuchina also accused Akhavi of stealing money from a grant and questioned Akhavi's professional qualifications and psychological health. (*Id.* at ¶ 27.) Shortly thereafter on January 4, 2019, Akhavi notified Kuchina that she would be relieved of her responsibilities as Chair of the Science Department due to poor performance. (*Id.* at ¶ 26.) English investigated Kuchina's allegations and on July 25, 2019, determined that Akhavi retaliated against Kuchina and violated Policy 2.35, Civility in the Workplace. (*Id.* at ¶ 32; Akhavi Ex. I, Dkt. No. 2-9.)

While Akhavi's appeal of the July 25, 2019 Letter of Reprimand was pending, three more colleagues came forward with complaints against him. In May 2019, Deborah Lichniak, made four allegations of retaliation against Akhavi. (Am. Compl. at ¶ 36.) On July 10, 2019, Rhonda Scott accused Akhavi of workplace harassment and workplace misconduct. (*Id.* at ¶ 38.) On July 17, 2019, Cherie Aukland, accused Akhavi of intimidation and demeaning behavior. (*Id.* at ¶ 39.) Akhavi was suspended with pay beginning July 18, 2019 while TNCC investigated the allegations. (*Id.* at ¶ 41.)

On August 29, 2019, English issued Akhavi another Letter of Reprimand, stating that the complaints by Scott and Aukland were substantiated by a preponderance of the evidence and that Akhavi was suspended without pay for twenty-one days. (Am. Compl. at ¶ 44; Akhavi Ex. J, Dkt. No. 2-10.) English placed Akhavi on a Performance Improvement Plan ("PIP") and ordered him to attend conflict resolution training. (Akhavi Ex. J; Def. Ex. 1.[1]) The PIP targeted three performance goals: interpersonal, conflict resolution, and communication. (Am. Compl. at ¶ 59.)

---

[1] "[U]nder Rule 12(b)(6), the Court may consider documents explicitly incorporated into the complaint by reference, as well as documents submitted by a movant (that were not attached to or expressly incorporated into the complaint) that do not conflict with the allegations and that are

On January 15, 2020, English notified Akhavi of her intention to recommend non-reappointment to the TNCC President based on unsatisfactory work performance. (Am. Compl. at ¶ 66.) Akhavi responded to English by reminding her of her previous complimentary opinions of his performance and listed several of his accomplishments in recent months. (*Id.* at ¶ 67.) On February 7, 2020, English responded that she intended to uphold her recommendation without providing any further detail. (*Id.* at ¶ 68.) But Akhavi acknowledges that he also received his PIP Summary on February 7, 2020, (*id.* at ¶ 75), which explained that Akhavi displayed poor "interpersonal skills," "conflict resolution strategies," and "communication skills" during the PIP period and provided examples of such behaviors, (Def. Ex. 2[2]).

On March 6, 2020, Akhavi grieved his non-reappointment and suspensions. (Am. Compl. at ¶¶ 5, 69, 73, Akhavi Ex. A, Dkt. No. 2-1.) Akhavi based his grievance on (a) unsubstantiated investigations, evaluations, and other examinations that lacked veracity and/or substantive detail to allow him to exercise his due process rights to properly address a few unrelated complaints against him; (b) personal vendettas; (c) dissimilar reassigned duties after the second suspension; and, for the first, (d) gender and race-based discrimination. (*Id.* at ¶ 69; Akhavi Ex. A at 8.)

On May 28, 2020, a Faculty Grievance Ad Hoc Committee conducted a hearing on the non-reappointment grievance. (*Id.* at ¶ 78.) On June 11, 2020, the Committee recommended that Akhavi be reinstated because the suspensions were overly harsh, unmerited, and unsupported by policy. (*Id.* at ¶ 79.) The Committee further determined that TNCC's failure to follow policy

---

integral to the complaint and authentic." *Ben-Davies v. Blibaum & Assocs., P.A.*, 695 Fed. Appx. 674, 676 (4th Cir. 2017). Defendants rely on the PIP only to establish the standards under which Akhavi's performance was measured, which Akhavi himself largely corroborates, Am. Compl. at ¶¶ 50, 59-61. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167-68 (4th Cir. 2016) (requiring courts to scrutinize the "purpose for which the document is offered" before "[t]reating the contents of such a document as true").

[2] Defendants rely on the PIP Summary only to establish the existence and timing of TNCC's reasons for not reappointing Akhavi, and not the truth or reasonableness of those reasons.

with respect to the July 18, 2019 suspension with pay adversely affected the August 29, 2019 suspension without pay and the ultimate decision to terminate his employment. (*Id.*)

On June 26, 2020, Interim President Gregory DeClinque overturned the Committee's recommendation because the Committee exceeded the scope of the purpose for which it was established. (Am. Compl. at ¶ 80.) DeClinque's decision was "final," although Akhavi could appeal to VCCS. (Akhavi Ex. B at 2, Dkt. No. 2-2.) On July 13, 2020, Akhavi petitioned the Vice Chancellor of VCCS to review his claim. (Akhavi Ex. D, Dkt. No. 2-4.) The Vice Chancellor agreed with DeClinque's decision. (Akhavi Ex. E, Dkt. No. 2-5.)

TNCC retained Libby Dishner, a private consultant, to investigate Akhavi's allegation of retaliation by English. (Am. Compl. at ¶ 9.) Dishner interviewed Akhavi and English and reviewed documents provided by both TNCC and Akhavi. (Def. Ex. 3 at 3.) Dishner concluded that the "evidence provided by [TNCC] supported the appropriate process for [Akhavi's] removal." (*Id.*) Specifically, "English followed standard and implicit processes for documenting Mr. Akhavi's deficiencies in performance, as evidenced by a Summary of Job Performance, [] evaluations, Letters of Reprimand, and his Performance Improvement Plan." (*Id.*)

After receiving his notice of right to use, Akhavi filed the suit in federal court. Akhavi alleges that the July 18, 2019 suspension with pay, the August 29, 2019 suspension without pay, and his non-reappointment were the result of discrimination based on gender (Count I), race (Count II), and retaliatory animus (Count III) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.* (Am. Compl. at ¶¶ 91, 103, 116.) Count II states an additional claim of race-based discrimination against TNCC under 42 U.S.C. § 1981. (*Id.* at ¶¶ 16, 108.) Akhavi names TNCC and VCCS as Defendants for each of the Title VII claims. (*Id.* at ¶¶ 15-16.)

## LEGAL STANDARD

### I. Motion To Dismiss For Lack Of Subject Matter Jurisdiction.

Rule 12(b)(1) "permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). "The burden of establishing the existence of subject matter jurisdiction rests upon the party which seeks to invoke the court's authority." *Id.* (internal citations omitted). "For motions made pursuant to [Rule 12(b)(1)], the evidentiary standard depends upon whether the challenge is a facial attack on the sufficiency of the pleadings, or an attack on the factual allegations that support jurisdiction." *Id*. at 782-83 (internal quotation omitted). When, as here, the defendant argues that the complaint facially "fails to allege facts upon which subject matter jurisdiction can be based," the well-pleaded facts asserted in the complaint are assumed to be true and are construed in the light most favorable to the plaintiff. *Wynne v. I.C. Sys., Inc.*, 123 F. Supp. 3d 734, 738-39 (E.D. Va. 2015) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### II. Motion To Dismiss For Failure To State A Claim.

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy the plausibility requirement, the facts alleged by a plaintiff must be "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action," *id.* at 555, and more than a threadbare recital of conclusory statements consistent with a defendant's liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678. Moreover, dismissal "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85

F.3d 178, 181 (4th Cir. 1996). The statute of limitations is one such affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that "if the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal").

## ARGUMENT

Akhavi's claims are not plausible as a matter of law and should be dismissed. First, TNCC must be dismissed from the lawsuit completely because it is not an entity that can be sued per the Virginia Code. Second, § 1981 claim must be dismissed because TNCC is not a "person" under 42 U.S.C. § 1983. Third, Counts I and II fail to state a plausible claim of discrimination because Akhavi did timely file an administrative charge for his suspensions and failed to identify suitable comparators to establish his *prima facie* wrongful discharge claim. Finally, Count III-Retaliation must be dismissed because the materially adverse employment actions preceded the protected activity.

**I.    TNCC should be dismissed from the lawsuit completely because it is not an entity that can sued under Virginia law.**

Akhavi's Amended Complaint names TNCC as a defendant in the instant litigation, but TNCC is not a proper party because it is not subject to suit under the Virginia Code. Specifically:

> The [General Assembly] created the State Board of Community Colleges to establish, control, and administer the Community College System. The legislature did not specifically designate the individual community colleges or grant them any powers, specifically the power to sue or be sued. Therefore, any suit against [TNCC] must be brought against the Commonwealth.

*Goff v. J. Sargeant Reynolds Cmty. Coll.*, 68 Va. Cir. 382, 383 (2005); *see also Vergès v. Va. Highlands Cmty. Coll.*, No. 1:16-CV-5, 2016 U.S. Dist. LEXIS 68546, at *10 (W.D. Va. May 25, 2016) ("A separate statute requires the creation of a local community college board for each college… There is no Virginia statute specifically creating [TNCC] or granting it the right to sue

and be sued.").³ Additionally, this Court has specifically held that TNCC is not an "independent legal entit[y] with the power to sue or be sued." *Brown v. Thomas Nelson Cmty. Coll.*, No. 4:20-cv-7, slip op. at *6 (E.D. Va. Jan. 13, 2021) (citing *Goff*, 68 Va. Cir. at 383; *Blevins v. Suarez*, No. 4:08-cv-14, 2008 U.S. Dist. LEXIS 80339, at *21, n.9 (W.D. Va. Oct. 10, 2008).⁴ Accordingly, the Amended Complaint must be dismissed as to TNCC as a matter of law.

## II. Counts I and II should be dismissed for failure to state a claim upon which relief can be granted.

### A. Akhavi did not timely file an administrative complaint challenging his suspensions dated July 18, 2019 and August 29, 2019.

Before a plaintiff may file suit under Title VII, he is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 USCS § 2000e-5(b); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). In Virginia, the limitations period within which to file this charge is 300 days. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). "If an individual fails to file an administrative charge with the EEOC within . . . three hundred (300) days . . . , then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014).

Here, Akhavi alleges he was improperly suspended twice: once with pay on July 18, 2019, (Am. Compl. at ¶ 41), and a second time without pay on August 29, 2019, (*id.* at ¶ 44). Therefore, Akhavi was required to file his Charge of Discrimination by May 13, 2020 (suspension with pay), and June 24, 2020 (suspension without pay). Because Akhavi filed his Charge of Discrimination on August 19, 2020, (Am. Compl. at ¶ 17; Akhavi Ex. F, Dkt. No. 2-6), his Title VII claims stemming from his suspensions are time-barred.

---

³ Since *Goff* and *Vergès*, the Virginia General Assembly has repealed and re-enacted the statutory framework for community colleges. *See* Va. Code § 23.1-2900, et seq. The new statutory framework also does not create a cause of action against a community college.

⁴ A copy of *Brown v. Thomas Nelson Cmty. Coll.* is attached as Defendant Exhibit 4.

**B.      Akhavi failed to adequately plead a *prima facie* case of wrongful termination because the three individuals Akhavi identifies as "comparators" are not <u>similarly situated</u>.**

Title VII prohibits an employer from "discharg[ing] any individual . . . because of such individual's race [or] sex[.]" 42 U.S.C. § 2000e-2(a)(1). "[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010). With respect to the fourth element of the *prima facie* case, "the prohibited conduct in which [the plaintiff] engaged was comparable in seriousness to misconduct of other employees outside the protected class who received less severe discipline." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019).

Where, as here, Akhavi has "based [his] allegations completely upon a comparison to an employee from a non-protected class, . . . the validity of [his] *prima facie* case depends upon whether that comparator is indeed similarly situated." *Haywood v. Locke*, 387 Fed. Appx. 355, 359 (4th Cir. 2010) (per curiam). "[T]he given comparators must be 'similar in all relevant respects.'" *Emami v. Bolden*, 241 F. Supp. 3d 673, 680 (E.D. Va. 2017) (quoting *Haywood*, 387 Fed. Appx. At 359). The plaintiff must produce evidence that the plaintiff and comparator "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haywood*, 387 Fed. Appx. at 359.

Akhavi alleges there are three comparators who engaged in misconduct but who were not terminated. First, Akhavi alleges that Terry Wagner, a Grant Manager, did not follow the prescribed protocol for submitting a proposal for a federal grant, which caused TNCC to lose out on the grant. (Am. Compl. at ¶ 83.) Second, Akhavi alleges that Dr. Lauren Williams, Director of

8

Curriculum and Instruction, failed to properly direct curriculum through TNCC's approval process, which was a requirement for a G3 grant. (*Id.* at ¶ 84.) Finally, Akhavi alleges that Jean Frank, Associate Professor and Program Head, engaged in self-serving conduct by advancing curriculum proposals that directly impacted her own teaching load. (*Id.* at ¶ 85.) Akhavi alleges that despite the shortcomings of each of these women, they were not terminated.

These individuals cannot establish Akhavi's *prima facie* case for wrongful termination because their alleged misconduct is not similar to the conduct that led to Akhavi's non-reappointment. First, none of the women had complaints of harassment and intimidation levied against them preceding the alleged misconduct. Second, none of the women were under a performance improvement plan like Akhavi's PIP, meaning state policy required TNCC to measure Akhavi's performance against a more rigorous standard than the other employees. Third, the conduct leading to Akhavi's non-reappointment—poor interpersonal skills, conflict resolution, and communication, (Def. Ex. 2)—was not like the comparators' alleged misconduct, which involved the handling of grant proposals and curriculum approval, (Am. Compl. at ¶¶ 83-85). The vast differences between the conduct of the alleged comparators and the conduct that led to Akhavi's non-reappointment—in addition to the differences between the standards under which TNCC evaluated that conduct—lead to the inescapable conclusion that Wagner, Williams, and Frank cannot serve as viable comparators, and, therefore, Akhavi has failed to plead a *prima facie* case of wrongful termination based on either race or gender discrimination.

  **C.**  **Count II: Race-Based Discrimination cannot proceed under 42 U.S.C. § 1981 because neither Defendant is a "person" under § 1983.**

In addition to Title VII, Count II alleges race-based discrimination under 42 U.S.C. § 1981 and 1983 and demands "punitive/exemplary damages in addition to compensatory

damages and other remedies available[.]" (Am. Compl. at ¶¶ 108, 110.) Akhavi states that TNCC is a "person" "subject to suit within the meaning of 42 U.S.C. §§ 1981 and 1983." (*Id.* at ¶ 16.)

"[W]hen suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" *Dennis v. Cty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). To prevail on a claim under § 1983, a plaintiff must prove (1) that he has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States and (2) that the conduct about which he complains was committed by a person acting under color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither a state nor its officials acting in their official capacity are persons for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent Akhavi is attempting to bring a § 1983 suit against either TNCC or VCCS, this is not cognizable.

Additionally, § 1983 does not waive the States' Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 67; *see* U.S. Const. amend. XI. Thus, "where 'state colleges and universities are agents of the state,' the claims against the Defendant as a state agency or instrumentality . . . must be dismissed." *Herron v. Va. Commonwealth. Univ.*, 366 F. Supp. 2d 355, 364 (E.D. Va. 2004). Because TNCC and VCCS are "arms of the state" and Akhavi seeks monetary damages under Count II, that claim must be dismissed. *See Jacobs v. Coll. Of William & Mary*, 495 F. Supp. 183, 190 (E.D. Va. 1980).

### III. Count III-Retaliation fails to state a claim because the materially adverse employment actions preceded Akhavi's protected activity.

Title VII prohibits an employer from retaliating against an employee who "has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To establish a claim for retaliation under Title VII at the motion to dismiss stage, a plaintiff "must

10

plead: a plead plead facts that plausibly show that: (1) []he engaged in protected activity; (2) an adverse employment action was taken against [him]; and (3) there was a causal link between the protected activity and the employment action." *Salagh v. Va. Int'l Univ.*, No. 1:16-cv-1321, 2017 U.S. Dist. LEXIS 35808, at *12 (E.D. Va. Mar. 13, 2017) (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). A "causal link" requires that the employer knew of the protected activities and that a reasonable temporal connection exists between the protected activities and the materially adverse misconduct. *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 837 (E.D. Va. 2016) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)).

Akhavi does not plead a claim for retaliation under Title VII. While Akhavi alleges that he engaged in "protective activities of grieving his suspensions and nonappointment," he did not file his grievance until March 6, 2020. (Am. Compl., ¶¶ 5, 115; Akhavi Ex. A.) At that time, English had already informed Akhavi of her decision to recommend his non-reappointment on January 15, 2020, and Akhavi was removed as Dean of the STEM program in February, 2020. (Am. Compl. ¶¶ 66, 68; Akhavi Ex. C at 3.) Because TNCC could not have known of Akhavi's protected activity until after Akhavi was removed as Dean of the STEM program, no causal link exists. Count III-Retaliation therefore cannot state a claim upon which relief may be granted as a matter of law.

## CONCLUSION

For the reasons stated above, the Department respectfully requests that the Court grant its Motion to Dismiss, dismiss Akhavi's claim in its entirety and *with prejudice*, award its costs incurred, and grant such other relief as the Court deems appropriate.

Dated: May 24, 2021                                Respectfully submitted,

                                                                            /s/ *Ryan S. Hardy*
                                                   Ryan S. Hardy (VSB No. 78558)
                                                   Assistant Attorney General
                                                   Sarah F. Robb (VSB No. 76734)
                                                   Assistant Attorney General
                                                   Office of the Attorney General
                                                   202 North 9th Street
                                                   Richmond, Virginia 23219
                                                   Telephone: (804) 786-0969
                                                   Telephone: (804) 786-7256
                                                   Facsimile: (804) 371-2087
                                                   Email:  RHardy@oag.state.va.us
                                                   Email: SRobb@oag.state.va.us

                                                   *Counsel for Defendants, Virginia Community College System and Thomas Nelson Community College*

Mark Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

Gregory C. Fleming
Senior Assistant Attorney General/Unit Manager

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2021, I electronically filed the foregoing **Memorandum of Law in Support of Defendants' Motion to Dismiss** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for the Plaintiff:

> Veronica E. Meade (VSB No. 66727)
> V. Meade Law, PLLC
> 1100 Exploration Way, Suite 302V
> Hampton, VA 23666
> Telephone: (757) 826-8000
> Facsimile: (757) 826-8001
> veronica@vmeadelaw.com
>
> *Counsel for Plaintiff*

    /s/ *Ryan S. Hardy*
Ryan S. Hardy (VSB No. 78558)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-0969
Facsimile: (804) 371-2087
Email:  RHardy@oag.state.va.us

*Counsel for Defendants, Virginia Community College System and Thomas Nelson Community College*